# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| FRANCES CASE | * | CIVIL ACTION NO. 08-0675 |
| VERSUS | * | JUDGE JAMES |
| AMERICAN INSURANCE CO., ET AL. | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand[1] filed by plaintiff Frances Case. (Doc. #9). The motion is opposed by defendants American Insurance Company ("American") and General Insurance Company ("General"). (Doc. #14). For the reasons stated below, the motion to remand is **GRANTED**.

## BACKGROUND

Case brings suit seeking compensation for injuries she sustained as the front seat passenger in a May 2007 car crash. Case, who was riding in the front passenger seat of the car driven by her husband, alleges that the collision was caused by her husband's negligent failure to yield to an oncoming truck. As a result of the ensuing collision, Case suffered serious bodily injury and her husband died.

Case filed suit against American and General. Both companies provided liability insurance to both Case and her husband under the same policies. Under the circumstances alleged in the suit, Louisiana Revised Statute 22:655 allows plaintiffs to sue insurance companies

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

directly, on the basis of an insured tortfeasor's actions, without joining the tortfeasor in the suit. Accordingly, Case seeks compensatory damages from the named defendants, without having sued her husband's estate.

Case filed suit in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana on April 25, 2008. (Doc. #1-3). The defendants filed a notice of removal on May 19, 2008. (Doc. #1). Case filed the instant motion to remand on June 17, 2008. (Doc. #9).

**LAW AND ANALYSIS**

Case argues that there is no diversity between the parties due to the direct action provision in 28 U.S.C. § 1332(c)(1). The defendants contend that diversity exists because this is not a direct action under § 1332(c)(1).

**I**

The Constitution provides, in Article III, § 2, that "the judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States." The current general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 "between . . . citizens of different States." 28 U.S.C. § 1332(a). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought.' " *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"[F]ederal, not state, law determines a party's citizenship for purposes of diversity jurisdiction." *Gonzalez v. Gov. Emp. Ins. Group*, No. 99-3707, 2000 U.S. Dist. LEXIS 2243, at *4 (E.D.La. Feb. 28, 2000). "[C]orporations are treated differently than unincorporated

2

associations for purposes of determining citizenship under 28 U.S.C. § 1332." *Ellison Steel, Inc. v. Greystar Constr. West LLC*, 261 Fed. App'x 777, 780 (5th Cir. 2008). For the purposes of evaluating diversity, a corporation is generally "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." § 1332(c)(1).

The second clause of § 1332(c)(1), however, states that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . ." The motivation behind this clause has been described by the Supreme Court of the United States:

> Congress added the proviso to § 1332(c) in 1964 in response to a sharp increase in the caseload of Federal District Courts in Louisiana resulting largely from that State's adoption of a direct action statute, La. Rev. Stat. Ann. § 22.655. The Louisiana statute permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant. Its effect was to create diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State. Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant"

*Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989) (internal citations omitted).

Here, Case is a citizen of Louisiana. (Doc. #1-3). At the time of his death, Case's husband was also a citizen of Louisiana. Neither American nor General is incorporated in Louisiana and neither has its principal place of business in Louisiana.[2] The plaintiff contends

---

[2] General is incorporated in Indiana and has its principal place of business in Washington. There are inconsistencies in the record as to American's state of incorporation and primary place of business. In the complaint, Case contends that American is domiciled in Ohio. (Doc. #1-3, ¶

that she has brought a direct action against General and American under § 1332(c)(1). For reasons stated below, the undersigned agrees.

## II

Section 1332(c)(1) defines a direct action as one in which a plaintiff sues "a foreign insurance carrier without joining the local tortfeasor as a defendant." *Charpentier v. Allstate Ins. Co.*, No. 98-0790, 1998 U.S. Dist. LEXIS 5619, at *5-6 (E.D.La. Apr. 21 1998). Here, Case is suing two foreign insurance carriers in their capacity as the insurers of her husband or his estate, the local tortfeasor, and did not join her husband's estate as a defendant. Thus, the plain language of the statute supports the conclusion that this is a direct action.

In response, defendants argue that there is a line of cases which has held that a plaintiff's suit against her own insurance company does not constitute a direct action under § 1332(c)(1).[3] *E.g. Mazzuka v. SMA Life Assurance Co.*, 726 F. Supp. 1400 (E.D.N.Y. 1990). Defendants claim that, since the defendants insured both Case and her husband under the same policy, these cases support the conclusion that this suit is not a direct action. Defendants' argument ignores the distinction between actions by an insured against an insurer based on their contractual relationship or some tortious conduct by the insurer itself ("first-party" actions) and those by an injured person against the insurer of the tortfeasor ("third-party" actions). All of the cases cited

---

2). On the other hand, the defendants contend that American is incorporated in Nebraska and has its principal place of business in California. (Doc. #14, p.2). These inconsistencies need not be resolved in order to dispose of the instant motion.

[3] In their brief, the defendants actually cite only to a case out of the Middle District of Louisiana, *Hull v. Allstate Insurance Company, Inc.*, 682 F. Supp. 867 (M.D.La. 1988). *Hull*, which is again a first party action under a homeowner's policy, also bases its conclusion on its interpretation of the Louisiana direct action statute, rather than on federal law. *Id.* at 868 (citing LA. REV. STAT. ANN. art. 22:655).

by the defendants are first-party actions. The case now before the court clearly involves a third-party action. However, because there has apparently been some confusion surrounding this issue, the court will attempt to clarify it.

Plaintiffs can sue insurance companies under different theories of recovery. First, a plaintiff can sue her own insurance company in her capacity as an insured. This "first-party" suit features an insured suing to recover benefits she believes she is due under the contractual terms of her policy or due to some tortious conduct on the part of the insurer itself. Second, a plaintiff can sue an insurance company in her capacity as a party injured by a third-party who is insured by the defendant insurance company. In a third-party situation, a plaintiff's claim for recovery against the defendant insurer is based solely on the fact that the defendant insurer provided liability insurance coverage to the third-party tortfeasor. In this latter situation, it is merely coincidental (and irrelevant) that the defendant insurer may have provided coverage to both the plaintiff and the third-party tortfeasor under the policy.

A review of the line of cases ostensibly supporting defendants' cite in support of their position shows that every one of them involves a first-party action. While many of these cases contain broad general language declaring, for example, that § 1332(c)(1) is "inapplicable to suits brought by an insured directly against his own insurer," *Mazzuka v. SMA Life Assurance Co.*, 726 F. Supp. 1400 (E.D.N.Y. 1990), or that "Congress did not intend [§ 1332(c)(1)] should apply to suits by an insured against his own insurer . . ." *Adams v. State Farm Mutual Automobile Ins. Co.*, 313 F. Supp. 1349, 1352 (N.D.Miss. 1970), it is clear that these cases do not involve and should not be applied to a third-party situation.

Taking the language of these broad statements out of context, defendants argue that Case

cannot have brought a direct action since she was insured under the same liability provisions as her husband. The proposition for which this line of cases stands, however, is not so broad. Then District Judge Clement, now on the Fifth Circuit Court of Appeals, noted that "[t]he cases of which *Mazzuka* is representative are not generally similar to the circumstances here, where a spouse is suing the insurer of her spouse for the spouse's allegedly tortious behavior." *Charpentier*, 1998 U.S. Dist. LEXIS 5619, at *5-6.

None of the cases containing the broad declaration that a suit by a plaintiff against her own insurer is not a direct action have done so in the context of a third-party action, and none have considered the situation in which the plaintiff in a third-party action is *both* an injured third party and an insured under the policy in question. Thus, the line of cases relied on by the defendants simply represents the uncontroversial proposition that a first-party action (a plaintiff's suit against her own insurer for recovery pursuant to the contract between them or some tortious conduct **by her insurer**) is not a direct action. *See Gulf Belting & Gasket Co. v. Select Ins. Co.*, No. 04-2397, 2004 U.S. Dist. LEXIS 25661, at *8 (E.D.La. Dec. 14, 2004) ("federal courts sitting in Louisiana have consistently held that the direct action provision of § 1332 is not applicable to a breach of contract claim against an insurance company.").

The facts of the cases illustrate this point. In *Mazzuka*, the plaintiff brought suit "for payment due under his health insurance policy with [the] defendant" insurance company. 725 F. Supp. at 1400. In *Adams*, the plaintiff sued the defendant insurance company "to recover under the uninsured motorist provisions" of her policies. 313 F. Supp. at 1351. In *Hull*, the case relied on by the defendants, the plaintiff filed suit "seeking recovery under [the plaintiff's] homeowner's policy issued by [the defendant insurance company] for a fire which damaged

6

plaintiff's home." 682 F. Supp. 867.

The courts in this circuit which have considered cases involving "third-party" actions against insurers have uniformly held that a "third-party" action is a direct action. *Carpenter v. Illinois Central Gulf Railroad Co.*, 524 F. Supp. 249 (M.D.La. 1981), dealt with facts quite similar to those in this case. The plaintiff was injured in an automobile accident in which she had been the passenger in a car driven by her husband. *Id.* at 251. The plaintiff filed suit against her husband's liability insurance provider, seeking compensatory damages for her husband's negligence. *Id.* at 251-52. The court held that the suit constituted a direct action under § 1332(c)(1). *Id.* at 252. The court reached this holding even though the plaintiff was covered under the uninsured motorist provision of the same policy, and had in fact brought suit, in the alternative, in her capacity as an insured. *Id.* at 251-52. In reaching its holding, the court expressly noted that, the plaintiff "had sued [the defendant] in its capacity as liability insurer for her husband." *Id.* at 252. Accordingly, the fact that the plaintiff was covered under the same policy was not dispositive as to whether the suit was a direct action.

The facts in *Carpenter* do differ from those in the present case in that the plaintiff in this case was insured under the same liability policy as her husband, while the plaintiff in *Carpenter* was not. However, as the reasoning in the case of *Charpentier v. Allstate Insurance Co.* suggests, this difference is irrelevant. 1998 U.S. Dist. LEXIS 5619. The plaintiff in *Charpentier* was injured in an automobile collision in which her husband was the driver and she a passenger in his vehicle. *Id.* at *1. The plaintiff sued her husband's liability insurance provider, claiming that her husband's negligence caused her injuries. *Id.* at *1-2. Judge Clement, relying on *Carpenter*, held that the suit constituted a direct action. *Id.* at *7-8. Judge Clement reached this

7

conclusion even though she expressly noted that it was unknown whether the plaintiff was also covered under her husband's liability policy. Her ruling was based on the fact that the plaintiff did not file suit against the defendant "due to any alleged tortious conduct or breach of contract on [the insurance company's] part, but rather due to its liability to her based on the negligent conduct of [her husband] who himself was covered under the policy." *Id.* at *6-7. Thus, *Charpentier* supports the conclusion that the capacity in which a plaintiff brings suit (or the capacity in which the insurance company is sued) is dispositive as to whether the suit constitutes a direct action under § 1332(c)(1). *See also Indus. Nat'l Bank of East Chicago v. Employers Cas. Co.*, 1986 U.S. Dist. LEXIS 30788, at *9-10 (N.D.Ill. Jan. 6, 1986) (explaining that "[i]f a policy provides more than one type of coverage, then the coverage provided by the specific clause of the policy at issue in the suit determines whether §1332(c) applies."); *Med. Research Ctrs. Inc. v. St. Paul Prop. & Liab. Ins. Co.*, 303 F. Supp. 2d 811, 814 (E.D.La. Jan. 21, 2004) (defining a direct action as "an action against an insurer that faces liability only because of its relationship with the absent (but otherwise liable) insured party."). In other words, a plaintiff who brings suit against an insurer based on its insured's tortious conduct has filed a direct action, regardless of whether the plaintiff and the tortfeasor may have been insured under the same policy.

Returning to the facts of the present case, it is abundantly clear that this case is a direct action against the defendant insurers. Here, Case has filed suit against the defendant insurance companies based solely on her husband's alleged negligence and the fact that the defendants provided liability insurance to him. In accordance with Louisiana law, she has not named her husband's estate in the suit. Accordingly, she has filed suit solely in her capacity as an injured

8

party; the fact that she was insured under the same policies is mere fortuity and does not change the nature of her claims against the defendants.

Thus, this case presents the precise situation that Congress aimed to remedy in 1964. Both the plaintiff and the non-party insured are citizens of Louisiana. The plaintiff has filed suit against a foreign insurance company (or companies). The plaintiff is suing under the Louisiana direct action statute that precipitated Congressional action in 1964 based on its conclusion such cases do "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system." *Northbrook Nat'l Ins. Co.*, 493 U.S. at 9-10.

Since the plaintiff in this case has sued the defendant insurance companies in a direct action, and the Louisiana insured is not joined as a party-defendant, American and General are deemed to be citizens of Louisiana for purposes of determining their citizenship under § 1332(c)(1). Consequently, complete diversity of citizenship does not exist; the motion to remand (Doc. #9) is **GRANTED**; and the case will be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

**THUS DONE AND SIGNED** this 15th day of July, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE